U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

FREDDIE APONTE,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD.,

    Defendant

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, **FREDDIE APONTE**, by and through his undersigned counsel, hereby sues the Defendant, **ROYAL CARIBBEAN CRUISES, LTD.,** and alleges as follows:

1. This is an action for damages that exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs.

2. This Court has jurisdiction over this matter pursuant to 28 USC § 1333(1) (admiralty) and the contractual language contained in the cruise ticket.

3. Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendant.

4. At all times material, Plaintiff, **FREDDIE APONTE**, was and is a resident of and domiciled in the State of Florida, now living in Orlando, Florida, and at all times material was a passenger on board Defendant's vessel, **FREEDOM OF THE SEAS**.

5. Upon information and belief, at all times material, Defendant, **ROYAL CARIBBEAN CRUISES, LTD.** personally or through an agent:

A. Operated, conducted, engaged and/or carried on a business venture in the State of Florida, and in particular Miami-Dade County, Florida;

B. Was engaged in substantial business activity in the State of Florida, and in particular, in Miami Dade County, Florida;

C. Operated vessels and provided vessels for cruises in the waters of this State;

D. Committed one or more acts as set forth in F.S. §48,081, 48.181 and 48.193, which submit the defendant to the jurisdiction and venue of this Court. Further, the defendant is subject to the jurisdiction of this Honorable Court due to the foregoing and 28 U.S.C. §1333; and,

E. The acts of defendant set out in the Complaint occurred in whole or in part in Miami Dade County and/or the State of Florida.

6. On or about May 17, 2014, the Defendant owned and operated a passenger cruise ship known as the **RCCL Freedom of the Seas,** such vessel being used as a passenger cruise vessel.

7. At such time and place, Plaintiff, **FREDDIE APONTE**, was lawfully and legally aboard such vessel as a paying passenger with the actual and/or constructive consent of Defendant to be physically present aboard such vessel.

8. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket. (See notice letter attached as Exhibit "A"). (The ticket is no longer in Plaintiff's possession).

## COUNT I - NEGLIGENCE

9. On or about May 17, 2014, Defendant owned and operated a passenger cruise ship known as the "**FREEDOM OF THE SEAS**."

10. At such time and place, Plaintiff, **FREDDIE APONTE**, was lawfully and legally aboard said vessel as an invitee and paying passenger with the actual and/or constructive consent of Defendant.

11. On May 17, 2014, while on board the **FREEDOM OF THE SEAS**, which was operating in navigable waters, the Plaintiff, **FREDDIE APONTE**, was seriously injured when he slipped and fell on foreign substance, believed to be soap, as he was using the restroom on the 4th Deck.

12. At all times material hereto Defendant, **ROYAL CARIBBEAN CRUISES, LTD.**, owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

13. Defendant, **ROYAL CARIBBEAN CRUISES, LTD.**, breached its duty owed to Plaintiff by committing one or more of the following acts or omissions:

   A. Failing to exercise reasonable care for the safety of its passengers and in creating a dangerous condition on the deck surface of the men's restroom on Deck 4 of the Royal Caribbean Freedom of the Seas;

   B. Failing to properly maintain the deck surfaces and walkways in the men's restroom on Deck 4 in a reasonably safe condition;

   C. Failing to inspect the deck and walking surfaces of the men's restroom areas on Deck 4 sufficient and diligent manner to determine the presence of foreign transitory substances;

   D. Failing to provide a reasonable walkway and deck surface on its vessel, reasonably designed for use by its passengers;

   E. Failing to warn passengers, including Plaintiff of the existence of a foreign substance, the existence of which Defendant knew of or in the exercise of reasonable care should have known in the subject area of Deck 4;

F. Negligently establishing and enforcing a method of operation on Deck 4 for inspection and maintenance of the deck and walkway surfaces where Plaintiff fell;

G. Allowing a dangerous condition to exist notwithstanding prior similar injury incidents on this and other vessels in its fleet and this class in the same restroom areas, including the area where Plaintiff fell;

H. Failing to train crew members in the assessment, inspection, discovery, and cleaning of food and liquid on the deck surfaces in the area around the restrooms aboard the Royal Caribbean Freedom of the Seas;

I. Failing to comply with its own internal policies and procedures established by the ISM Code, SQMS, and other internal operational procedures required by the ISM Code, SOLAS, all applicable health, building and safety codes and ordinances in accordance with 33 CFR 96.100 et. seq., 46 USC Section 3201 et. seq. and all Rules and Regulations, including, but not limited to all relevant standards NVIC's of the United States Coast Guard, and IMO.

13. As a direct and proximate result of Defendant's negligence and above referenced breaches of duty, Plaintiff, **FREDDIE APONTE**, suffered bodily injuries and resulting pain and suffering, physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, expense of hospitalization, surgery and medications, loss of earnings in the past, loss and/or impairment of the ability to earn money, expenses for physical and occupational therapy, and medical and nursing expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

**WHEREFORE**, Plaintiff, **FREDDIE APONTE**, demands judgment, interest and costs against Defendant, **ROYAL CARIBBEAN CRUISES, LTD.**, a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

Dated: May 15, 2015.

LAW OFFICE OF GLENN J. HOLZBERG
Offices at Pinecrest II, Suite 220
7685 S.W. 104th Street
Miami, Florida 33156
Telephone: (305) 668-6410
Facsimile:   (305) 667-6161


BY:     */s/ Glenn J. Holzberg*
        GLENN J. HOLZBERG
        Fla. Bar # 369551