United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Freddie Aponte, Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Royal Caribbean Cruises, Ltd., ) <br> Defendant ) | Civil Action No. 15-21854-Civ-Scola <br> **In Admiralty** |

## Omnibus Order

Defendant Royal Caribbean Cruises, Ltd. has filed two motions to strike two of Plaintiff Freddie Aponte's expert witnesses: Dr. Jorge Herrera (ECF No. 114) and Dr. Nizam Razack (ECF No. 115). The Court **grants** both motions (**ECF Nos. 114 & 115**).

Despite petitioning the Court for permission to file out-of-time responses to Royal Caribbean's motions, Aponte does not, in his "opposition" to either motion, present any argument in support of denying the motions. Instead, in his responses, Aponte simply expresses his view that both motions "are mooted by the Court's [order on summary judgment]." (Pl.'s Resp. re Dr. Herrera, ECF No. 163, 1; Pl.'s Resp. re Dr. Razack, ECF No. 164, 1.) Under Local Rule of the United States District Court for the Southern District of Florida 7.1(c), the failure to timely "serve an opposing memorandum of law no later than fourteen . . . days after service of the motion[,] may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c). Failure to respond to nonfrivolous arguments in a motion is tantamount to not responding at all. *See Brown v. Buddy Bee Corp.*, 14-24368-CIV, 2015 WL 11233388, at *4 (S.D. Fla. Mar. 11, 2015) (Altonaga, J.) This failure presents a sufficient basis for the Court to strike these experts by default under the Local Rule. The Court notes the motions also appear due to be granted on the merits, as well.

The Court thus precludes either expert, Drs. Herrera and Razack, from testifying as witnesses in this matter.

**Done and ordered** at Miami, Florida on April 10, 2019.

_____
Robert N. Scola, Jr.
United States District Judge